IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III     PLAINTIFF

v.     Civil No. 5:22-CV-05176

CHIEF DEPUTY JAY CANTRELL, Washington County
Detention Center (WCDC); MAJOR RANDALL DENZER,
WCDC; CORPORAL TOM MULVANEY, WCDC;
CORPORAL SAM CAUDLE, WCDC; DEPUTY TYLER BECK,
WCDC; DEPUTY PHIPPS, WCDC; DEPUTY RAINES, WCDC;
SERGEANT WELCHEL, WCDC; CORPORAL CARPENTER, WCDC;
DEPUTY MISENHIMER, WCDC; DEPUTY SELF, WCDC;
CORPORAL DOMINIC NUNZIATO, WCDC;
DEPUTY LEEN, WCDC; DEPUTY REDMOND, WCDC;
DEPUTY FRYE, WCDC; DEPUTY EDGE, WCDC;
CORPORAL KRADDUCK, WCDC; and
DEPUTY NUNZIATO (FIRST NAME UNKNOWN), WCDC, Sgt.     DEFENDANTS
Pineda

## REPORT AND RECOMMENDATION

John William Scharnhorst, III, filed the above-captioned civil rights action *pro se* pursuant to 42 U.S.C. § 1983, alleging Defendants are endangering his health and violating his constitutionally protected rights by failing to comply with COVID-19 protocols at the Washington County Detention Center (WCDC) (ECF No. 1). Citing deficiencies with his original complaint and *in forma pauperis* (IFP) application, this Court initially directed Plaintiff to file an amended complaint and provide a copy of his certificate of inmate account. (ECF No. 3). Following an extension of time, (ECF No. 6), Plaintiff subsequently submitted the requested financial information, (ECF No. 8) and filed an amended complaint, (ECF No. 7) – both of which have been

1

addressed in separate orders. (ECF Nos. 10, 13). Before the Court are Plaintiff's three motions for emergency injunctive relief. (ECF Nos. 5, 9 and 14). For reasons set forth below, the undersigned recommends Plaintiff's motions be denied.

## I. BACKGROUND

In his first request for an emergency preliminary injunction on September 12, 2022, Plaintiff voices his concern over WCDC's response to COVID-19 cases at the detention center and requests an order requiring the Department of Health to intervene and "provide oversight and instruction to Major Denzer, all of the lieutenants, sergeants, corporals and first-class deputies on effective disease control methodology." (ECF No. 5). In his second motion for injunctive relief filed on September 19, 2022, Plaintiff requests Defendants "be ordered to provide plaintiff [] with pencils or other writing implement sufficient to allow for adequate legal research and motion composition." (ECF No. 9). Plaintiff therein explains that he requires more than the one, 3-inch pencil the WCDC provides him each week because he engages in a significant amount of research, writing, and correspondence involving his litigation in this district along with his state criminal case. Plaintiff's third motion for injunctive relief, filed on September 23, 2022, requests an order directing WCDC staff to enforce and comply with COVID-19 prevention policies, including requiring the deputies and medical personnel to wear N-95 masks within WCDC. (ECF No. 14).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs requests for injunctive relief. Federal courts may issue an order for a temporary restraining order (TRO) without first hearing from all parties only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party

can be heard in opposition." Fed. R. Civ. P. 65(b)(1). By contrast, courts may issue preliminary injunctions only on notice to the adverse party. Fed. R. Civ. P. 65(a). Courts apply the same legal standard for issuing a TRO or preliminary injunction. *See S. B. McLaughlin & Co., Ltd. V. Tudor Oaks Condominium Project*, 877 F.2d 707, 708 (8th Cir. 1989). Required considerations include: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other interested parties; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

Here, Plaintiff filed his motions for injunctive relief prior to the filing of any answer to the Amended Complaint by any Defendant. Accordingly, the Court will treat Plaintiff's requests for injunctive relief as requests for temporary restraining orders under Rule 65(b)(1), addressing each in turn below.

### III. LEGAL ANALYSIS

#### A. Department of Health Intervention

With respect to Plaintiff's request that the Department of Health intervene and instruct the WCDC on proper COVID-19 protocols, the undersigned recommends denial, noting that Plaintiff's request for transport to the law library (contained in the same motion), was denied on September 15, 2022. (ECF No. 6). Plaintiff's motion does not comply with the requirements of Rule 65(b)(1) because it does not include an affidavit or any other reliable documentation in support. Second, and more importantly, the motion fails to establish that Plaintiff will suffer "immediate and irreparable injury" absent immediate injunctive relief. Plaintiff has not demonstrated that his requested relief – Department of Health intervention – would prevent the

harm he seeks to avoid, namely contracting COVID-19. Put differently, even if the Arkansas Department of Health were to intervene and instruct jail personnel on proper COVID-19 protocols, Plaintiff has not demonstrated how this intervention would lead to compliance with those protocols and/or minimize his risk of disease while incarcerated.

Even had Plaintiff's motion for injunctive relief satisfied the requirements of Rule 65(b)(1), it does not satisfy Rule 65(d). Rule 65(d) limits the court's authority to enjoin non-parties in an action to "other persons who are in active concert or participation with [the parties] or [the parties' officers, agents, servants, employees, and attorneys]." Fed. R. Civ. P. 65(d). The Arkansas Department of Health is not a party to this action, and there are no allegations that the Department of Health is acting in concert with any parties to this action. *See Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Services*, 364 F.3d 925, 933 (8th Cir. 2004) (reversing injunction as it applied to a non-party concluding that non-party's mere "supervisory" role did not qualify as active participation within the meaning of Rule 65). Assuming, *arguendo*, the Department of Health has authority to issue public health guidance on appropriate COVID-19 prevention and containment measures in facilities such as detention centers, this does not mean that the Department of Health is actively involved with the WCDC within the meaning of Rule 65. Accordingly, Plaintiff's motion for injunctive relief requiring intervention by the Department of Health (ECF No. 5) should be denied.

      **B.**     **Additional Writing Implements**

Plaintiff's motion for injunctive relief requiring the WCDC to provide him with more than one, 3-inch pencil per week should also be denied. Plaintiff's motion again fails to comply with the technical aspects of Rule 65(b)(1) because it does not include any supporting documentation,

*see* Fed. R. Civ. P. 65(b)(1)(A), and Plaintiff similarly has failed to meet the "immediate and irreparable injury" standard required under Rule 65(b)(1)(A). Unfortunate for his request, Plaintiff has not established that he will suffer harm if the WCDC does not furnish him (at no additional cost) additional writing implements. There are no pending motions requiring his written response in any of his pending civil actions in this district. *See Scharnhorst v. Cantrell et al*, Civil No. 5:22-CV-05138-TLB-MEF; *Scharnhorst v. Helder et al*, Civil No. 5:22-CV-05167-TLB-CDC. Moreover, Plaintiff has demonstrated in his multiple lawsuits that he is well-equipped to prosecute civil rights cases with the resources currently available to him. Finally, there is no credible suggestion that Plaintiff needs to be personally preparing any research, motions, or responses in his state criminal case.

Plaintiff's injunctive request also fails to provide any nexus to the claims alleged in his Amended Complaint. Preliminary injunctive relief is granted "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citing *Dataphase Sys. Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Here, Plaintiff's request for injunctive relief – an order requiring the WCDC furnish him with additional writing instruments – has nothing to do with the claims for relief set forth in his Complaint, namely, that WCDC personnel are endangering his health by failing to comply with COVID-19 protocols in violation of his constitutional rights. Accordingly, it is recommended that Plaintiff's motion to require that WCDC provide more writing implements be denied.

### C.    COVID-19 COMPLIANCE

Plaintiff's third motion for injunctive relief requests the court order WCDC jail personnel to comply with COVID-19 containment and prevention protocols, including requiring jail personnel to wear N-95 masks. (ECF No. 14). Leaving aside Plaintiff's failure to include an affidavit or any supporting documentation, Plaintiff once again fails to establish he will suffer "immediate and irreparable injury, loss, or damage" absent this Court's granting of injunctive relief.  Plaintiff's motion voices a concern that he *may* contract COVID-19 because of the facility's alleged failure to adequately comply with COVID-19 safety protocols (specifically, N-95 mask wearing), a potential but speculative future harm.  Plaintiff's motion belies any immediacy of the purported harm as Plaintiff reveals he has been filing grievances about this problem for approximately one month to no avail.  (ECF No. 14, p.1). The Court is mindful that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).  As noted herein, none of Defendants have answered the Amended Complaint (which complains about WCDC's COVID-19 protocols), and therefore, at this stage of the proceedings, the undersigned recommends that Plaintiff's request for injunctive relief be denied.

### IV.    CONCLUSION

For the reasons outlined above, the undersigned recommends that (1) Plaintiff's Motion for an Injunction requiring the Department of Health to Intervene (ECF No. 5) be **DENIED**; (2) Plaintiff's Motion for an Injunction requiring the WCDC to furnish him with additional pencils (ECF No. 9) be **DENIED**; and (3) Plaintiff's Motion for an Injunction requiring WCDC personnel

to comply with COVID-19 protocols (ECF No. 14) be **DENIED.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of October 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE