IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHN WILLIAM SCHARNHORST, III**                                              **PLAINTIFF**

V.                            **CASE NO. 5:22-CV-5176**

**CHIEF DEPUTY JAY CANTRELL, Washington County
Detention Center (WCDC); MAJOR RANDALL DENZER,
WCDC; CORPORAL TOM MULVANEY, WCDC;
CORPORAL SAM CAUDLE, WCDC; DEPUTY TYLER BECK,
WCDC; DEPUTY PHIPPS, WCDC; DEPUTY RAINES, WCDC;
SERGEANT WELCHEL, WCDC; CORPORAL CARPENTER, WCDC;
DEPUTY MISENHIMER, WCDC; DEPUTY SELF, WCDC;
CORPORAL DOMINIC NUNZIATO, WCDC;
DEPUTY LEEN, WCDC; DEPUTY REDMOND, WCDC;
DEPUTY FRYE, WCDC; DEPUTY EDGE, WCDC;
CORPORAL KRADDUCK, WCDC; and
DEPUTY NUNZIATO (FIRST NAME UNKNOWN), WCDC**         **DEFENDANTS**

**<u>ORDER</u>**

Before the Court is the Report and Recommendation ("R&R") (Doc. 16) filed by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. The R&R considers Plaintiff John William Scharnhorst, III's three Motions for Emergency Injunctive Relief (Docs. 5, 9, 14). The first Motion asks the Court to order the Department of Health to provide oversight to the Washington County Detention Center ("WCDC") concerning effective COVID-19 disease control. The second Motion demands that Defendants provide Mr. Scharnhorst with sufficient writing implements to allow him to do legal research and write legal documents. The third Motion requests an order directing the WCDC to require its staff to wear N-95 masks at all times. Magistrate Judge Comstock recommends denying all three motions.

Mr. Scharnhorst filed a response to the R&R (Doc. 17) that states he "understand[s] the reasoning behind and the laws guiding [the Magistrate Judge's] opinion" and "thank[s] [her] for the education." *Id.* at p. 1. He "objects," however, to the R&R's statement that his prosecution of various civil lawsuits in this Court (simultaneously) demonstrates that the writing implements currently available to him at the WCDC are adequate. *Id.* Mr. Scharnhorst maintains it is "questionable" to suggest his resources are adequate when he has "had to trade portions of [his] meals for pencils." *Id.*

The Court does not construe Mr. Scharnhorst's response to the R&R as a written objection that requires a *de novo* review of the record, per 28 U.S.C. § 636(b)(1)(C). Further, the facts Mr. Scharnhorst has supplied in his response do not justify rejecting the Magistrate Judge's recommendations. For these reasons, **IT IS ORDERED** that the R&R (Doc. 16) is **APPROVED AND ADOPTED IN ITS ENTIRETY**. Plaintiff's Motions for Emergency Injunctive Relief (Docs. 5, 9, 14) are **DENIED**.

**IT IS SO ORDERED** on this 25th day of October, 2022.

*/s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE