IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                PLAINTIFF

v.          Civil No. 5:22-CV-05176-TLB-CDC

CHIEF DEPUTY JAY CANTRELL, Washington County
Detention Center (WCDC); MAJOR RANDALL DENZER,
WCDC; CORPORAL TOM MULVANEY, WCDC;
CORPORAL SAM CAUDLE, WCDC; DEPUTY TYLER BECK,
WCDC; DEPUTY PHIPPS, WCDC; DEPUTY RAINES, WCDC;
SERGEANT WELCHEL, WCDC; CORPORAL CARPENTER, WCDC;
DEPUTY MISENHIMER, WCDC; DEPUTY SELF, WCDC;
CORPORAL DOMINIC NUNZIATO, WCDC;
DEPUTY LEEN, WCDC; DEPUTY REDMOND, WCDC;
DEPUTY FRYE, WCDC; DEPUTY EDGE, WCDC;
CORPORAL KRADDUCK, WCDC; and
DEPUTY NUNZIATO (FIRST NAME UNKNOWN), WCDC;
SGT. PINEDA                                                     DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff John William Scharnhorst, III, filed the above-captioned *pro se* civil rights action under 42 U.S.C. § 1983, generally alleging the Defendants endangered his health by failing to comply with COVID-19 protocols at the Washington County Detention Center (WCDC) in violation of his constitutional rights. (ECF No. 7). This matter is now before the Court on Plaintiff's Motion to Join Parties. (ECF No. 33).[1] Having reviewed the Defendants' response, (ECF No. 38), and being duly advised, the Court recommends that Plaintiff's Motion to Join Parties be denied.

---

[1] The Court addresses Plaintiff's Motion for Contempt (ECF No. 36) by separate order.

1

**BACKGROUND**

Plaintiff filed a motion requesting that the following individuals be joined as plaintiffs to this action: Cody Krawetzke, Dominic Heal, Paul Wisdom, Tommy Maples, John Lucero, Caymen Moore, Jay Badders, Michael Winberry, Gabriel Salgado, John Jerrell, Chad Douthitt, Angel Moreno, Tristan Mobley, Roger Zamora, Eric Raya, Troy Franklin, German Sharpe, David Jones, Darrick Dee Phillips, and Francisco Vergara. (ECF No. 33). According to Plaintiff, these individuals were all housed in R-Block at the Washington County Detention Center (WCDC) and contracted COVID-19 due to the "willful refusal by sheriff's deputies to wear masks and comply with COVID prevention measures." *Id.* Plaintiff alleges that these individuals became ill and were diagnosed with COVID-19 by Dr. Karas' personnel on or about January 20, 2022. Plaintiff requests class action status.

In response, Defendants argue that Plaintiff is proceeding *pro se*, and, as such, 28 U.S.C. § 1654 permits him to bring claims on his own behalf but not on the behalf of others. (ECF No. 38). Further, Defendants object to Plaintiff's request for class action status, arguing that courts addressing this issue repeatedly have declined to allow *pro se* litigants to represent a class. *Id.*

**DISCUSSION**

Plaintiff's Motion to Join Parties implicates the Federal Civil Rules of Procedure concerning both the joinder of parties and class action lawsuits.

**A. Required Joinder**

The joinder of plaintiffs may be considered permissive or required. Fed. R. Civ. P. 19 & 20. Rule 19(a) provides that a person is a required party if "in the person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

Here, Plaintiff asserts that the other individuals named in his motion are similarly situated as to him because they were all inmates at the WCDC at around the same time and they all allegedly contracted COVID-19 allegedly for the same reason – because defendants failed to comply with COVID-19 protocols. (ECF No. 33).   Being similarly situated, however, does not mean that these parties are required within the meaning of Rule 19. *Wilwal v. Nielsen*, 346 F. Supp. 3d 1290, 1310 (D. Minn. 2018) ("Third parties are not necessarily required parties under Rule 19 merely because they are involved in conduct underlying a plaintiff's claims."). The more relevant question is whether "meaningful relief" is available to the Plaintiff. *Id.* at 1309 (citing *Henne v. Wright*, 904 F.2d 1208, 1212 n.4 (8th Cir. 1990)).   Plaintiff seeks compensatory and punitive damages, an order requiring the Defendants to issue a public apology regarding the conditions of the WCDC, and an order requiring a third-party detainee advocate to be installed at the WCDC. (ECF No. 7). Joining additional persons as plaintiffs to this action in no way impacts the Court's ability to grant such relief. *Id.* ("If the defendant is independently liable for the plaintiff's claims, the court may properly conclude that it can accord complete relief in the absence of such third parties.").   Thus, Plaintiff has not established that Rule 19(a)(1)(A) **requires** additional persons to be joined as plaintiffs in this action.

Rule 19 provides two additional bases for the Court to require joinder of parties. Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii).   The predicate of both, however, is that the "*person claims* an interest relating to the subject of the action . . . .." Fed. R. Civ. P. 19(a)(1)(B) (emphasis added).   Here, although Plaintiff alleges that the individuals named in his motion should be joined as plaintiffs in this action, (ECF No. 33), the record is devoid of any indication from the individuals themselves that they wish to join Plaintiff in the action.   Further, as Defendants note, while Plaintiff may

proceed as a self-represented litigant in his own action, he may not represent others. *See Burchfield v. Jones*, Case No. 6:20-cv-6135, 2021 WL 1649268, at *2 (W.D. Ark. April 27, 2021) ("Courts have found that it is not permissible for an inmate representing himself in litigation to also represent fellow inmates.") (Listing cases).   Accordingly, Plaintiff has failed to meet the standard for required joinder under Rule 19(a)(1)(B) of the Federal Rules of Civil Procedure.

### B. Permissive Joinder

Even if the joinder of parties is not required under Rule 19, Rule 20 of the Federal Rules of Civil Procedure permits the Court to join plaintiffs where "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions; *and* . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B).   As noted above, the persons named in Plaintiff's motion have not directly communicated their interest in joining this action and Plaintiff, as a *pro se* litigant, cannot represent them himself. *See Burchfield*, 2021 WL 1649268 at *2.  Thus, Plaintiff's Motion for Joinder under Rule 20 of the Federal Rules of Civil Procedure likewise fails.

### C. Class Action

This brings the Court to Plaintiff's request for class action status which is contained in his pending motion. (ECF No. 33).   Rule 23 of the Federal Rules of Civil Procedure governs class action lawsuits. Fed. R. Civ. P. 23(a).   Pursuant to Rule 23(a): "[o]ne or more members of a class may sue . . . as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions or law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the

class." Fed. R. Civ. P. 23(a)(1)-(4). Recognizing the importance of the representative parties to "fairly and adequately protect the interests of the class," Rule 23(g) identifies factors for the court to consider in appointing class counsel. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

As noted herein, Plaintiff is representing himself *pro se*. Although Plaintiff is involved in multiple litigated matters before this Court, there is no indication in the record that Plaintiff is a lawyer. As a layperson, Plaintiff simply does not satisfy the knowledge, experience, and training requirements necessary to be a class representative, much less appointed as class counsel. *See Perkins v. Holder*, 2014 WL 755378, Civ. No. 13-2874 (PAM/FLN), at *5 n. 8 (D. Minn. Feb. 26, 2014), *reported and recommendation adopted by* 2014 WL 755378 at *1 (citing *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (concluding that district court properly denied *pro se* plaintiff's request for class certification "because the competence of a layman is clearly too limited to allow him to risk the rights of others") (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Because Plaintiff's request for class action status does not, at a minimum, satisfy Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Court recommends that Plaintiff's request for class action status be denied.

## CONCLUSION

For the reasons outlined above it is recommended that Plaintiff's Motion to Join Parties (ECF No. 33) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 2nd day of March 2023.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE