IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                PLAINTIFF

v.                                    Civil No. 5:22-CV-05176-TLB-CDC

CHIEF DEPUTY JAY CANTRELL, Washington County
Detention Center (WCDC); MAJOR RANDALL DENZER,
WCDC; CORPORAL TOM MULVANEY, WCDC;
CORPORAL SAM CAUDLE, WCDC; DEPUTY TYLER BECK,
WCDC; DEPUTY PHIPPS, WCDC; DEPUTY RAINES, WCDC;
SERGEANT WELCHEL, WCDC; CORPORAL CARPENTER, WCDC;
DEPUTY MISENHIMER, WCDC; DEPUTY SELF, WCDC;
CORPORAL DOMINIC NUNZIATO, WCDC;
DEPUTY LEEN, WCDC; DEPUTY REDMOND, WCDC;
DEPUTY FRYE, WCDC; DEPUTY EDGE, WCDC;
CORPORAL KRADDUCK, WCDC;
DEPUTY NUNZIATO (FIRST NAME UNKNOWN), WCDC; and
SGT. PINEDA,
                                                                            DEFENDANTS.

**MAGISTRATE'S REPORT AND RECOMMENDATION**

Plaintiff John William Scharnhorst, III, filed the above-captioned civil rights action under 42 U.S.C. § 1983, generally alleging that the Defendants endangered his health by failing to comply with COVID-19 protocols at the Washington County Detention Center (WCDC) in violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation on Plaintiff's Motion for Injunction. (ECF No. 60). The deadline for filing a response has passed. *See* Local Rule 7.2

Having received none, this matter is now ripe for the Court's consideration. For the reasons below, this Court recommends that Plaintiff's request for injunctive relief be denied.

## I.     LEGAL STANDARD

This is Plaintiff's fourth request for injunctive relief in this case. *See* (ECF Nos. 9, 14 & 23). As previously noted, Rule 65 of the Federal Rules of Civil Procedure applies to motions for injunctive relief. Fed. R. Civ. P. 65. In determining whether to grant such motions, courts consider the following *Dataphase* factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4), whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor is dispositive, "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). The Court, moreover, is mindful that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995).

## I.     ANALYSIS

The purpose of a preliminary injunction in a lawsuit is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citing *Dataphase v. Sys., Inc., v. C.L. Sys., Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc). Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). The moving party—in this case, the Plaintiff—bears the burden of proving a preliminary injunction is warranted. *See Goff*, 60 F.3d at 520.

In this case, Plaintiff's Motion for an Injunction requests an order requiring that (1) Arkansas Division of Corrections (ADC) officials allow him to view video exhibits and (2) that ADC, Washington County Detention Center (WCDC), and Bureau of Prisons (BOP) personnel allow him to communicate with his former fellow WCDC inmates for the purpose of collecting witness statements in support of his response to Defendants' Motion for Summary Judgment. (ECF No. 60). These requests, however, are wholly unrelated to the basis for the lawsuit itself: the Defendants' purported failure to comply with COVID-19 protocols thereby endangering Plaintiff's health in violation of his constitutional rights. (ECF No. 7). Because there is no connection between Plaintiff's claim that the ADC—who is not even a party to this action—has not allowed him to view evidence in this case and the conduct asserted in the Amended Complaint, such a claim cannot form the basis for injunctive relief. *See Hale v. Wood*, 89 F.3d 840, 840 (8th Cir. 1996) (per curiam) ("We reject [Plaintiff's] contention that defendants' allegedly threatening and retaliatory behavior mandate granting injunctive relief, because [Plaintiff] failed

to establish a connection between these injuries and the conduct he challenged in the complaint."); *Devose*, 42 F.3d at 471 (concluding that retaliation claims cannot establish grounds for a TRO because they are entirely different from the claims raised in the complaint). Similarly, Plaintiff's request for an order allowing Plaintiff to communicate with persons outside of ADC is wholly unrelated to the claims in the Complaint. Thus, injunctive relief is not appropriate here.[1] The Court, therefore, recommends that Plaintiff's Motion for Injunctive Relief, (ECF No. 60), be **DENIED**.

## II.     CONCLUSION

In sum and for all the reasons outlined above, the undersigned recommends that Plaintiff's Motion for Injunctive Relief, (ECF No. 60), be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of July 2023.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court finds that the basis for Plaintiff's Motion for Injunction does not warrant *injunctive* relief. Recognizing that pro se filings are to be liberally construed, however, the Court considers, by separate orders, each of Plaintiff's requests for relief.